## Case No. 12,062.

### In re ROSENTHAL et al.

[10 N. B. R. 191; [1] 1 Cent. Law J. 364, note; 6 Chi. Leg. News, 342; 31 Leg. Int. 254.]

District Court, N. D. Missouri.   July, 1874.

BANKRUPTCY—DIVIDEND—PROTEST BY BANKRUPT
—AMENDMENT TO ACT.

A bankrupt cannot by mere protest made to the assignee, alleging want of jurisdiction in the court, in a case commenced since the 1st day of December, 1873, and prior to the approval of the late amendments of the bankrupt law, stop the declaring of a dividend which could be legally declared under the law prior to the amendments.

[Cited in Re Comstock, Case No. 3,077.]

[In the matter of H. & M. Rosenthal, bankrupts.]

KREKEL, District Judge.   The question certified by the register before whom the case is pending, to the judge of the district court, is: "Can a bankrupt, by mere protest made to the assignee, alleging want of jurisdiction in the court, in a case commenced since the 1st day of December, 1873, and prior to the late amendments of the bankrupt law, stop the declaring of a dividend which could be legally declared under the law prior to the amendments?"   The court holds that he cannot do so.   The amendments regarding compulsory bankrupt cases commenced since the 1st of December, 1873, and prior to the adoption of the amendments, provide that the bankrupt debtor shall deny, by a statement in writing, that one-fourth of his creditors in number and one-third in amount, petitioned to have him declared a bankrupt.   This statement must be filed in court, which alone is authorized to act in the premises.   The provision is one favoring or intending to favor the bankrupt debtor, and it is not unreasonable to say that he may waive it.   All parties, debtors as well as creditors, may be willing that the proceedings pending shall go on to final settlement.   It would require a very plain provision of law to show that congress intended to arrest and oust the court of the jurisdiction of a case which had been commenced and prosecuted under existing law, and progressing to the satisfaction of all parties.   It may be said that the law providing that "the court shall, if such allegation as to the number and amount of petitioning creditors shall be denied by the debtor, by a statement in writing to that effect," no such denial could be made, unless the petition contained the allegations.   The law, until amended, did not require an allegation as to number of creditors or amount of indebtedness, and hence petitions filed since the 1st day of December, 1873, and the time of the passage of the amendments, do not contain an allegation in reference thereto.   The provision quoted occurs in connection with cases to be brought, and seems specially to refer to such.

[1] [Reprinted from 10 N. B. R. 191, by permission.]

This view is strengthened by, the provision "that the court shall require him, the bankrupt debtor, to file in court forthwith a full list of his creditors, with their places of residence, and the sums due them respectively."   Now such a provision may be useful and even necessary in a case brought under the amended law, but would be useless with the special class of cases since December 1, 1873, for the schedules filed show the creditors, residence, and amounts due each.   Acting upon a report of a newspaper as the language of the amendments, for want of an authoritative copy, the court is of opinion, and so orders to be certified to Register Cook, that this case will be proceeded with in the particular under consideration, as though the amendments of the law did not affect it, and until the bankrupt debtor makes an allegation in writing, and files the same in court, denying that one-fourth of his creditors in number and one-third in amount had signed the petition upon which he was declared a bankrupt, which, when it occurs in any case, will be brought to the attention of the register having such case in charge, who will thereupon suspend proceedings until the further order of the court.